## ROSS v. GAFFNEY CITY.

MANDAMUS—ESTOPPEL—LACHES—CITIES AND TOWNS—CORPORATION.— A property owner and taxpayer of a town, who has signed a petition asking the exemption of a corporation from town taxes upon its location in the town, and in pursuance thereof the location is so made, he being a stockholder and having received more dividends than his increase in taxes would amount to, and there being unreasonable delay as to a part of the taxes, is estopped in mandamus proceedings against town and corporation from alleging the unconstitutionality of the action of the town, and from requiring the corporation to pay taxes.

Petition in the original jurisdiction of this Court for mandamus against Gaffney City, its officers, and Gaffney Manufacturing Company.

*Messrs. Butler & Osborne,* for relator, cite: *Ordinance unconstitutional:* 54 S. C., 449; 55 S. C., 551; 50 S. C., 337. *Levies set up in petition are valid:* 50 S. C., 337; 55 S. C., 551; Con. 1895, art. X., sec. 13, acts 1896, p. 29. *If not respondent cannot set up invalidity:* 37 L. R. A., 371; 29 L. R. A., 526. *Relator not estopped by signing petition and receiving dividends:* 18 L. R. A., 590; 1 L. R. A., 175; 10

L. R. A., 259; 39 L. R. A., 725; 12 L. R. A., 235; 54 S. C., 449; 42 S. C., 293. *No demand necessary:* 24 L. R. A., 492.

*Messrs. Duncan & Sanders,* also for relator, cite: *Ordinance of 1892 void for want of authority:* 20 Stat., 589; 55 S. C., 554. *Assessment for State taxation is all that is necessary:* 20 Stat., 589; 45 S. C., 457; 50 S. C., 344. *No demand and refusal necessary:* 142 U. S., 492; 123 Mass., 477.*

*Messrs. Ansel, Cothran & Cothran* and *J. C. Jeffries,* contra, cite: *Relator not a citizen, and cannot maintain this action:* 54 S. C., 449; 48 Ill., 233; 37 N. Y., 346; 101 U. S., 601. *Demand and refusal necessary:* 7 Rich., 322; 16 S. C., 524; 10 S. C., 299; 117 Ill., 462; 41 Conn., 211. *No assessment for municipal taxation:* 54 S. C., 450, 576; 22 Stat., 59; Con. 1895, art. IX., sec. 13; 55 S. C., 551. *Levies for 1894, 1996 and 1897 are illegal:* 20 Stat., 589; 45 S. C., 457. *In absence of statutory authority, tax officers are limited to the one year:* 16 S. C., 53, 524; 12 S. C., 82; Con. 1895, art. VIII., sec. 3; 77 N. C., 4; 88 N. C., 194; 58 Ala., 546; 32 La. Ann., 157, 1136; 71 Ala., 401; 31 Ark., 334; 76 N. C., 458; 29 Cal., 459; 1 Pick., 140; 74 Pa. St., 486; 129 Mass., 378; 102 Mass., 72; 84 Ind., 108, 356; 80 Ind., 196, 466; 78 Ind., 353; 10 S. C., 299; 88 Ill., 469; 49 N. Y., 243; 91 N. Y., 593; 49 N. Y., 352; 27 S. E. R., 999; 52 N. Y., 434; 14 S. E. R., 698. *The relator is estopped by his conduct from prosecuting this action:* 13 S. C., 370; 17 S. C., 420; 19 S. C., 208; 42 S. C., 80; 5 Mass., 108; 102 U. S., 421; 5 Bush., 230; 84 Va., 557; 139 N. Y., 14; 33 N. E. R., 145.

March 30, 1900.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is a petition to the Court, in the exercise of its original jurisdiction for a writ of mandamus, requiring the town clerk of the town council of

Gaffney City to restore and place upon the tax books the assessments against the Gaffney Manufacturing Company for the years 1894, 1895, 1896, 1897, 1898 and 1899; and to collect all taxes due upon the same. The defendants made returns to the rule to show cause, and the petitioner filed a reply to the return of the Gaffney Manufacturing Company. A report was filed by H. B. Carlisle, in pursuance of an order of this Court appointing him special master to take the testimony and report upon the facts. The petitioner herein was at times hereinbefore mentioned and still is a citizen of North Carolina, but was during the years mentioned and now is a taxpayer in Gaffney City, owning therein valuable real estate. The Gaffney Manufacturing Company has regularly since its incorporation in 1892 returned its property for taxation for State and county purposes, but it has never made a return of its property for taxation to Gaffney City, nor has it paid to it any taxes except the sum of $80 for each of the years 1898 and 1899 on the store run by the corporation in connection with its manufacturing business. Its failure to return its property and pay taxes to Gaffney City was on account of the following ordinance: "Whereas a majority of the freeholders within the incorporate limits of Gaffney City, South Carolina, did on the 2d day of July, 1892, petition the town council to exempt the Gaffney Manufacturing Company from town taxes for the period of ten years, be it ordained by the Town Council of Gaffney City in council assembled, and by the authority of the same: Section 1. That in the consideration of the manufacturing interests of all kinds, and the business to be conducted, operated and carried on by the Gaffney Manufacturing Company, and the public benefit to be derived therefrom, the intendant and town council waive to the said Gaffney Manufacturing Company, its officers, successors and assigns, all and any taxes, dues and charges that might now or may at any time be levied or assessed by the said intendant and town council of Gaffney City upon all the plant (both real and personal property) employed or

to be employed in said enterprise, for and during the perio
of ten (10) years from the date of the charter of the sai
company. Sec. 2. That this ordinance shall be taken an
construed as a contract, made and entered into between th
town of Gaffney City and the officers of the said Gaffne
Manufacturing Company, their successors and assigns i
office, and may be enforced as such. Passed and ratifie
in council, this the 5th day of July, A. D. 1892." In Ma
1899, another ordinance was passed by the town council
Gaffney City, exempting from taxation for municipal pu
poses all manufactories having a paid up stock of $20,00
for five years. This ordinance was duly referred to th
qualified voters of the said town and ratified by a large ma
jority.

The petition for the passage of the first ordinance herein
before mentioned was signed by the relator, M. L. Ros
His dividends as a stockholder in said corporation hav
amounted to more than any increase of taxes which he ma
have had to pay by reason of the said exemption. Th
Gaffney Manufacturing Company alleges in its return to th
rule to show cause, and it is not denied in the reply, that th
petition and ordinance passed in pursuance thereof, greatl
moved and influenced the said corporation in the location
its mill, and that the petitioner by his conduct in aiding t
bring about the result, is estopped from instituting this pro
ceeding. In the case of *Daniels* v. *Tearney,* 102 U. S., 41
the Court says: "It is well settled as a general propositio
subject to certain exceptions not necessary to be here note
that where a party has availed himself for his benefit of a
unconstitutional law, he can not, in a subsequent litigatio
with others not in that position, aver its unconstitutionalit
as a defense, although such unconstitutionality may hav
been pronounced by a competent judicial tribunal in anothe
suit. In such cases the principle of estoppel applies wit
full force and conclusive effect." Citing a number of au
thorities. Continuing, the Court says: "In the case firs
cited, an injunction was applied for to prevent the collectio

a tax authorized by an act of the legislature, passed during the late civil war, to enable the people of a county to raise volunteers and thus avoid a draft for soldiers, and that object had been accomplished. In disposing of the case, the Court well asked, 'Upon what principle of exalted equity shall a man be permitted to receive a valuable consideration through a statute procured by his own consent, or subsequently sanctioned by him, or from which he derived an interest and consideration, and then keep the consideration and repudiate the statute?' " The case of Daniels *v.* Tearney is cited with approval in *Purcell* v. *Conrad,* 84 Va., 557. Many other authorities are cited in the argument of the attorneys for the Gaffney Manufacturing Company, but the case from which we have just quoted is sufficient to show the general principle governing such cases.

It is within the discretion of the Court whether it will grant the writ of mandamus in any case. The petitioner herein signed the request for the passage of the ordinance hereinbefore first mentioned, thereby tending his aid to induce the corporation to locate its mill at Gaffney; it is alleged that it was greatly influenced by this action; the petitioner's dividend as a stockholder in said corporation amounts to more than the increase in his taxes which he had to pay by reason of said exemption, and there has been unreasonable delay, at least as to a part of the taxes. Under all the circumstances of the case, the petitioner is estopped from asking the aid of this Court in granting him relief.

There are other questions in the case, but having reached the conclusion that the petitioner is not in a position to ask for the writ of mandamus, they cannot properly be considered.

It is the judgment of this Court, that the petition be dismissed.